# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

    v.                            Case No. 26-MJ-00105-LMC(WBG)

JORDAN W. RINCKER,

                Defendant.

## MOTION FOR DETENTION

Comes now the United States of America, by and its undersigned counsel, and does hereby move the Court to hold a detention hearing and, following such hearing, to order the detention of defendant JORDAN W. RINCKER, and states the following in support of the motion.

## SUPPORTING SUGGESTIONS

1.      This motion is being made at the defendant's first appearance before a judicial officer.  A criminal complaint has been filed charging the defendant with conspiracy to commit murder, in violation of 18 U.S.C. §§ 1111 and 1117.

2.      The defendant is charged in Count One with conspiracy to commit murder, which is an offense for which the maximum sentence is life imprisonment. *See* 18 U.S.C. § 3142(f)(1)(B). The charged offense is also a felony that "involves the possession or use of a firearm or destructive device (as those terms are defined in section 921)" under the Bail Reform Act. *See* 18 U.S.C. § 3142(f)(1)(E).

1

3. Based on this charge and the present motion, this Court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f).

4. Under the Bail Reform Act, a defendant can be detained if "the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will reasonably assure the defendant's appearance can a defendant be detained before trial." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)).

5. In determining whether pretrial detention is appropriate, the Court shall consider information concerning the nature and circumstance of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the danger to any person of community posed by the defendant's release. 18 U.S.C. § 3142(g).

6. The § 3142(g) factors support detention. The defendant, along with co-conspirators, planned to conduct a mass shooting at the UFC Freedom 250 event at the White House in Washington, DC on June 14, 2026. Co-conspirators also expressed desire to murder various members of Congress and prominent business executives. The defendant took steps to carry out this plot by traveling to Nebraska to meet with a co-conspirator, he sent $100 in United States currency to another co-conspirator to assist the co-conspirator with the co-conspirators costs associated with traveling from California to the UFC Freedom 250 event in Washington D.C., and the defendant transferred a pump action shotgun to another co-conspirator. The weight of the

2

evidence against the defendant is strong. On June 21, 2026, investigators executed a search warrant at the defendant's residence and found tactical equipment, including the following:

- FN Reflex 9mm pistol, serial number CCW0051572 with magazine and loose 9mm rounds
- FMK AR1 eXtreme Multi-Caliber rifle, serial number ARGB1386
- Multiple magazines containing 5.56 caliber magazine containing ammunition
- Remington 597 .22 LR caliber rifle, serial number JD04805A with magazine
- 3D printed Glock-style pistol with 3D printed magazine and 3D printed ammunition
- Gas mask with cartridge
- Multiple electronic devices

7. Investigators advised the defendant of his *Mirada* rights. The defendant waived his rights and agreed to speak with investigators. During the interview, the defendant stated that he utilized the online moniker "shriveledshlong." He admitted that he recently met with a co-conspirator in Omaha, Nebraska and that co-conspirator gave to the defendant $1,200 in United States currency, one level IV ballistic plate, a face shield, a Creality-brand 3D printer, 3D printing filament, a shield, night vision goggles, binoculars, a "wire checker,"[1] and a Mac minicomputer. The defendant stated that all of the items that he received from this co-conspirator were recently moved from his residence to a storage unit. The defendant also stated that he stored his own ballistic plate carrier in the storage unit.

8. The defendant admitted that he used the social media and messaging accounts that were involved in the conspiracy.

---

[1] Based on my training and experience, I understand this device to purportedly check for listening devices that would broadcast or record conversations.

3

9. The United States submits that there are no conditions which the Court could place on the defendant's release which would reasonably assure the safety of the community by clear and convincing evidence and reasonably assure the defendant's appearance by a preponderance of the evidence.

WHEREFORE, based on the foregoing, the United States requests that the Court hold a Detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendant.

Respectfully submitted,

R. Matthew Price
United States Attorney

By    /s/ Maureen A. Brackett

Maureen A. Brackett
Assistant United States Attorney
VICDTR – NSD
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on June 21, 2026, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

/s/ Maureen A. Brackett
Maureen A. Brackett
Assistant United States Attorney

5